IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Leroy Alvin McKenzie,<br><br>      Plaintiff,<br><br> vs.<br><br>Lt. Raines, SCDC;<br>Ofc. Von Muitis, SCDC;<br>Ofc. Sealy, SCDC;<br>Lt. McGhee, SCDC;<br>Ofc. Wanda Young, SCDC;<br>William R. Byars, Jr., Director SCDC,<br> Individually and in their official capacities,<br>      Defendants. | Civil Action No. 6:11-559-HFF-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the plaintiff's motion to strike answer to complaint (doc. 62), motion to amend complaint (doc. 63), motion for declaratory judgment (doc. 64), and Rule 56(f) motion (doc. 69). In his complaint, the plaintiff, who is a state prisoner proceeding *pro se*, alleges that the defendants, all employees of the South Carolina Department of Corrections ("SCDC"), interfered with his attempts to obtain a special diet that he allegedly needs as a result of his disability. He states that the case is brought under Section 2 of the Americans with Disabilities Act ("ADA").

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

    By order of this court dated June 15, 2011, the plaintiff's motion to amend his original complaint to name William R. Byars, Jr., the Director of the SCDC, as a defendant was granted. On July 15, 2011, the plaintiff filed a motion to strike (doc. 62) the defendants' answers to the original complaint and the amended complaint. He

contends they are "void due to the fact the court lack [sic] subject matter jurisdiction and in personnom [sic] jurisdiction . . . [because] there was no evidence of actual authority of agent [Attorney] . . . . corroborated by affidavits that agent had on or before April 28, 2011, authority to act on their behalf. . . . The agent cannot confer authority upon himself or make himself agent by merely saying that he is one" (m. to strike at pp. 1-2). The plaintiff has previously argued that the defendants' counsel should be disqualified, and this court has denied his requests when raised in his motion to make more definite (doc. 23) and his motion to compel (doc. 36). The plaintiff has no standing to seek disqualification of the defendants' counsel on such grounds. The motion, like those before, is meritless and is denied.

On July 15, 2011, the plaintiff filed his second motion to amend (doc. 63). The plaintiff filed his original complaint on March 11, 2011, against five defendants: (John Doe) Lt. Raines (SCDC), (John Doe) Ofc. VonMintis (SCDC), (John Doe) Ofc. Sealy (SCDC), (John Doe) Lt. John McGhee (SCDC), and Ofc. Wanda Young, individually and in their official capacities, for alleged ADA violations while the plaintiff was incarcerated at Lieber Correctional Institution (doc.1). The plaintiff filed his first motion to amend on May 25, 2011. As noted above, in that motion, he sought to add William Byars, Jr., the Director of the SCDC, as a sixth defendant. In his proposed amended complaint at that time, the plaintiff re-alleged his ADA claims. The original five defendants filed a motion for summary judgment on June 13, 2011. In their motion, defendants asserted and emphasized that plaintiff had failed to raise any constitutional violations. After this court granted the plaintiff's first motion to amend, defendant Byars then filed a motion for summary judgment on June 30, 2011. Defendant Byars also noted that the plaintiff failed to raise any constitutional violations or claims under 42 U.S.C. § 1983. By orders filed on June 13 and 30, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motions. In his current motion to amend now before the court, the plaintiff seeks

to add causes of action for constitutional violations under Section 1983 against all defendants.

The plaintiff cites Federal Rule of Civil Procedure 15(c)(1)(B) and (c)(1)(i) and (ii) as his authority to amend.  Rule 15(c)(1)(B) states:  "An amendment to a pleading relates back to the date of the original pleading when:. . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to set out-in the original pleading . . . ."  As argued by the defendants, the plaintiff never "set out-or attempted to set out-in the original pleading," or the first amended pleading, any causes of action under Section 1983.  In fact, the plaintiff was very specific with his ADA claims in his complaint and amended complaint, and it was only after receipt and review of the defendants' motions for summary judgment that the plaintiff sought to amend.

> Rule 15 (c)(1)(i) and (ii) states:
>
> An amendment to a pleading relates back to the date of the original pleading when. . .(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1)(i) and (ii).  The defendants argue and this court agrees that Rule 15(c)(1)(B) is not satisfied and further, that they would be prejudiced if the motion is granted.  The plaintiff has already amended his complaint once and failed to raise any additional causes of action.  Now, after all defendants have filed for summary judgment, the plaintiff seeks an additional amendment based on strategic behavior learned from the defendants' legal memoranda.

Rule 15(a) provides that a party may amend its pleading once as a matter of course under certain circumstances. As noted above, the plaintiff has already amended his complaint once. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Under the rule's liberal construction, motions to amend should be granted absent extraordinary circumstances. Such circumstances include undue delay, bad faith or dilatory motive, a repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend a complaint is within the sound discretion of the district court. *Id.* Here, the plaintiff's requested amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendants long after their motions for summary judgment have been filed. Based upon the foregoing, the plaintiff's motion to amend is denied.

The plaintiff also filed a motion for declaratory judgment (doc. 64) on July 15, 2011. He argues that the defendants' motion for summary judgment, which was filed on June 30, 2011, should be declared invalid "because of disability or incapacity of principal, Mr. Byars" (m. for decl. judgment at p. 1). Again, the plaintiff questions whether defense counsel "retains authority to act on principal's behalf notwithstanding the subsequent disability or mental incompetence of principal" (*id.* at p. 3). As discussed above with regard to the plaintiff's motion to strike, the "agent" issue has been raised by the plaintiff and has been addressed by this court on two previous occasions, yet the plaintiff insists on continually filing motions questioning defense counsel's involvement in this case. Defense counsel clearly and unequivocally represents all the defendants, including defendant Byars. Accordingly, the motion for declaratory judgment is meritless and should be denied.

On July 21, 2011, the plaintiff filed a Rule 56(f) motion, arguing that the defendants' motions for summary judgment should be stayed or otherwise dismissed

because "Defendants are preventing him from submitting to this court by way of sworn affidavit, facts and conclusive document proofs which are essential to justify his opposition to their motion" (Rule 56(f) motion at p. 1). In the affidavit in support attached to his motion, the plaintiff asserts that he is forever barred from the discovery process because the defendants' motion to stay discovery pending the outcome of the dispositive motions was granted (*id.*, ex. 1 at p. 1; *see* docs. 30, 38). The plaintiff further alleges that "Defendants' Motion for Summary Judgment are premature and should not be granted until the party opposing such motion is permitted to make relevant discovery essential to this case" (Rule 56(f) motion, ex. 1 at p. 1). Should the court deny the defendants' motions for summary judgment, the plaintiff may then have an opportunity to submit discovery requests. However, as this court found when granting the motion to stay discovery, discovery at this time would be a "needless expenditure of time, money, and resources" (doc. 38). In lieu of a stay, the plaintiff requests a continuance. It is unclear for what purpose the plaintiff seeks a stay. The plaintiff filed his response in opposition to the motions for summary judgment on August 8, 2011. Accordingly, based upon the foregoing, the plaintiff's Rule 56(f) motion should be denied.

      Wherefore, based upon the foregoing, the plaintiff's motions to strike and to amend (docs. 62, 63) are denied. Furthermore, it is recommended that the plaintiff's motion for declaratory judgment and Rule 56(f) motion (docs. 64, 69) be denied.

                                                             s/ Kevin F. McDonald
                                                           United States Magistrate Judge

August 18, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).