IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Leroy Alvin McKenzie ) | |
| ) | CA No. 6:11-559-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Lt. Raines, SCDC; Ofc. Von Muitis, SCDC; ) | |
| Ofc. Sealy, SCDC; Lt. McGahee, SCDC; ) | |
| Ofc. Wanda Young, SCDC; William R. Byars, Jr., ) | |
| Director SCDC, ) | |
| ) | |
| Individually and in their official capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Leroy Alvin McKenzie (McKenzie) filed this action against the defendants under the Americans With Disability Act. (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. (Dkt. No. 81.)[1] The Report recommends denying McKenzie's motion for declaratory judgment (Dkt. No. 64) and his Rule 56(f) motion (Dkt. No. 69). The court adopts the Report and denies both motions.

The magistrate judge filed his Report on August 18, 2011. (Dkt. No. 81.)[2] In the Report, he addressed the motion for declaratory judgment, in which McKenzie challenges the authority of defense counsel to represent one of the defendants, South Carolina Department of Corrections

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the magistrate judge's Report herein without a recitation.

Director William R. Byars, Jr. (Byars). The magistrate judge recommended denying this motion because the court had previously addressed McKenzie's challenges to defense counsel's agency and because the record reflects that defense counsel duly represent the defendants. (*Id*. at 4.) The Report also addressed the Rule 56(f) motion, in which McKenzie attempts to reargue that he should be permitted to engage in discovery.[3] The magistrate judge recommended denying this motion, stating that McKenzie will be permitted to engage in discovery if the motion for summary judgment is granted and reiterating that discovery at this stage would result in a "needless expenditure of time, money, and resources." (*Id*. at 5.)

McKenzie filed objections to the Report on September 9, 2011. (Dkt. No. 88.) In his objection to the Report's recommendation as to his motion for declaratory judgment, he argues that the Report does not address his specific allegations regarding defense counsel's authority to represent Byars. (*Id*. at 8.) However, as the record reflects, "Defense counsel clearly and unequivocally represents defendant William Byars, Jr., Director." (Dkt. No. 72 at 3.) The court holds that this matter is settled and adopts the magistrate judge's recommendation.

Additionally, McKenzie purports to object to the Report's recommendation as to his Rule 56(f) motion. (Dkt. No. 88 at 9.) The court has carefully reviewed this objection and finds that it is non-specific and merely restates his claims. This objection reiterates his disagreement with the magistrate judge's decision to stay discovery. McKenzie's objection provides no basis for this court to deviate from the magistrate judge's recommended disposition. As such, the court adopts the magistrate judge's recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not

---

[3] The defendants filed a motion for summary judgment (Dkt. No. 31), along with a motion to stay discovery pending determination as to the motion for summary judgment (Dkt. No. 30). The magistrate judge granted the defendants' motion to stay, stating that discovery at this stage would result in the needless expenditure of time, money, and resources. (Dkt. No. 38 at 2.)

conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (internal quotations omitted); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating that in the absence of specific objection, this court is not required to provide an explanation for adopting the recommendation).[4]

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 81.) It is therefore **ORDERED** that the motion for declaratory judgment (Dkt. No. 64) and the Rule 56(f) motion (Dkt. No. 69) are **DENIED**.

**IT IS SO ORDERED.**

                                        s/Timothy M. Cain
                                        Timothy M. Cain
                                        United States District Judge

Greenville, South Carolina
January 9, 2012

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).