IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Leroy Alvin McKenzie | ) | |
| | ) | CA No. 6:11-559-TMC-KFM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lt. Raines, SCDC; Ofc. Von Muitis, SCDC; | ) | |
| Ofc. Sealy, SCDC; Lt. McGahee, SCDC; | ) | |
| Ofc. Wanda Young, SCDC; William R. Byars, Jr., | ) | |
| Director SCDC, | ) | |
| | ) | |
| Individually and in their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Leroy Alvin McKenzie (McKenzie) filed this action against the defendants under the Americans with Disability Act (ADA), 42 U.S.C. §§ 12131–12165 and the Rehabilitation Act, 29 U.S.C. § 794(a). (Dkt. Nos. 1, 40.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. (Dkt. No. 104.) [1] The Report recommends granting the defendants' motions for summary judgment. (Dkt. Nos. 31, 59.) The court adopts the Report and grants the motions for summary judgment.

The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the magistrate judge's Report herein without a recitation. The magistrate judge

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

filed his Report on January 19, 2012. (Dkt. No. 104.) In the Report, the magistrate judge recommended finding that the defendants did not violate either the ADA or the Rehabilitation Act. McKenzie was advised of his right to file objections to the Report, and he timely filed objections on February 1, 2012. (Dkt. No. 107.)[2] In his objections, McKenzie challenges the magistrate judge's jurisdiction over his case, given this court's previous order addressing other motions. (Dkt. No. 102.) However, as stated above, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. The magistrate judge may then make a recommendation to the district court, but the responsibility for making a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The district court and magistrate judge followed these procedures as required. Accordingly, the court finds that the magistrate judge properly exercised jurisdiction in filing the Report.

As to the merits of the Report, McKenzie failed to file specific objections. As such, the court adopts the magistrate judge's recommendation. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (internal quotations omitted); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating that in the absence of specific objection, this court is not required to provide an explanation for adopting the recommendation).[3]

---

[2]  McKenzie's document filed February 1, 2012 was docketed by the clerk's office as both his objections and a motion to strike. (Dkt. Nos. 107, 108.) Accordingly, the court will address both filings in this order.

[3]  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*,

The court also notes that McKenzie filed a document titled "Motion for Reconsideration" addressing the court's January 9, 2012 order. (Dkt. No. 110.) The court declines to reconsider its order and denies the motion for reconsideration.[4] Motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure. To the extent that the motion could be considered a Rule 59 motion to alter or amend the judgment, the motion is untimely, as it was dated February 8, 2012. Rule 59(e), Fed. R. Civ. P. Further, a review of the motion reflects that it does not meet the standard set forth in *Hutchinson v. Staton*, 994 F.2d 1076 (4th Cir. 1993) and *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002). The court is unable to discern any material fact or principal of law that was overlooked or disregarded in the January 9, 2012 order. Therefore, the motion for reconsideration is denied.

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 104.) It is therefore **ORDERED** that the defendants' motions for summary judgment (Dkt. Nos. 31, 59) are **GRANTED**. The plaintiff's motion to strike (Dkt. No. 108) and motion for reconsideration (Dkt. No. 110) are **DENIED**. Further, the plaintiff's earlier motion for reconsideration is rendered **MOOT**. (Dkt. No. 98.)

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
February 23, 2012

---

766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

[4] To the extent that McKenzie's "Motion for Reconsideration" could somehow be construed as objections to the Report (Dkt. No. 104), even though it addresses the court's earlier order (Dkt. No. 102), the document was filed untimely. Objections to the Report were due by February 6, 2012. The document was signed by McKenzie and notarized on February 8, 2012 and received by the mail room at Lieber Correctional Institution that same day.

**NOTICE OF RIGHT TO APPEAL**

  The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.